IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:23-CR-00505 RLW PLC ) |
| MARCELLIS BLACKWELL, | ) ) |
| Defendant. | ) |

**THE UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Christine H. Krug, Assistant United States Attorney for said District, and requests the Court deny the defendant's Motion to Revoke U.S. Magistrate Judge John Bodenhausen's Order of Detention (ECF No. 17) and states the following in support thereof:

1. The defendant is charged with 21 total counts in violation of Title 18, United States Code, Sections 242, 250, and 1519 involving eight separate victims.

2. The defendant was a police officer with the North County Police Cooperative (NCPC) as of May 31, 2022. On June 3, 2023, the defendant improperly arrested victim DW1 for unlawful possession of a firearm. The defendant handcuffed DW1 behind his back and while driving DW1 to the police department for booking, pulled into a secluded location and parked. Under the guise of searching DW1 again, the defendant put his hand into the pants and underwear of DW1 and fondled his genitals for approximately 10 minutes. The defendant eventually took DW1 to the police station for booking. Per the defendant's

1

statement to DW1, he was booked and released that same day. The following day, DW1 reported the defendant's actions to NCPC, whose command staff immediately initiated an investigation. After discovering corroborative evidence to support DW1's allegations against the defendant, the case was taken to the St. Louis County Prosecutor's Office and the defendant was charged with Sodomy in Cause Number 23SL-CR04279. He was later indicted on that count and an additional count of kidnapping. The defendant's bond was increased to $750,000 cash only. At the defendant's arrest, his two cellular phones were seized and later searched pursuant to a search warrant. Despite the defendant having deactivated his body worn camera (BWC) during the arrest and transport of DW1, the defendant had recorded the sexual assault of DW1 on one of his personal cellular phones. After the defendant's criminal charges were made public, seven additional victims came forward to law enforcement and reported what the defendant had done them. At that time the Federal Bureau of Investigation (FBI) took over the investigation. The FBI investigation revealed additional circumstances of premature deactivation of his BWC, false reports, video on the defendant's personal cellular phone, and witness statements corroborating the additional victim accounts of what the defendant had done to them.

3. Upon the filing of the present Indictment, the Government filed a Motion for Detention pursuant to 18 U.S.C. §3142(g) (ECF No. 4) and U.S. Magistrate Judge Bodenhausen held a detention hearing on October 4, 2023.  Following review of the Government's Motion for Detention and the Pre-Trial Services Report (ECF N. 13), and hearing argument by the parties, Judge Bodenhausen entered an Order of Detention (ECF No. 17).

4. The Order of Detention (ECF No. 17) cites: the strong weight of the evidence against the defendant, the fact that the defendant is subject to a lengthy period of incarceration if

    convicted, the defendant's lack of stable employment, the defendant's lack of stable residence, the defendant's lack of significant community or family ties to this district, and unknown or unverified background information about the defendant.

5. In his Motion, the defendant claims that he has had close family relationships since the early 1990s with his former stepfather's mother in Lincoln County, Missouri, but speaks of no contact more recent or meaningful than her attending his graduation from the law enforcement academy. The defendant has not even had telephone contact with her since he has been in federal custody despite access to, and use of, the phones in the facility.

6. Despite the defendant's assertion that his former stepfather's mother would offer an available and acceptable home plan, she is not identified and no information about her was provided in the defendant's Motion or to Pre-trial Services for investigation.

7. The defendant's claim that he has an available residence with his mother in the Northern District of Illinois, described by him as a "nearby district in Illinois" further belies his claim of longstanding ties to *this* district. The two other federal districts in Illinois (Southern and Central) sit squarely between the Eastern District of Missouri and the Northern District of Illinois.

8. Contrary to the defendant's assertion that his previous long-term employment as an over-the-road and interstate truck driver is irrelevant to assuring his appearance in court, it indicates a familiarity with highways and roads throughout the contiguous United States and suggests that he likely has contacts throughout the country.

9. While the defendant claims in his Motion that he could work as a truck driver within his district of residence if released, he has not provided proof of any offer for verifiable employment in his Motion or to Pre-trial Services for investigation.

10. In addition to evidence on his cellular phones related to the eight victims of his charged conduct in the present Indictment and possible 10 additional victims identified through continued investigation, the defendant took and retained photographs and videos of private citizens who were not in his custody as a police officer. He took those photographs and videos while he was both on and off duty. These private citizens were covertly photographed and/or recorded by the defendant in both a small elevator and public restrooms. The photographs and recordings taken in public restrooms show men at urinals and men in stalls, taken from under the wall of an adjacent stall.

11. While not of a sexual nature, the defendant took *and retained* photographs of identification cards, primarily driver's licenses, of approximately 150 citizens. These images are on the defendant's two cellular phones, with over 120 of them on the phone he described to law enforcement as his personal phone. Each of these images depicts a photograph and personal identifying information of its owner.

12. Also on the defendant's cellular phones, there are photographs of several Normandy High School student identification cards. These images include the name, grade, and a photograph of each of the students.

13. Considering the data that the defendant collected and retained and the knowledge that there are additional victims cooperating with continued investigation, the safety of the community in general, as well as specific individuals, is at risk should the defendant be released.

14. The defendant misunderstands the Government's argument that the safety of the community was at risk because he was not prosecuting the people he arrested and sexually assaulted. The Government's position about the defendant not sending the subjects of those

4

arrests to the prosecutor is not that they should have been prosecuted for their actions, as the Government takes no position on how or whether the State or local prosecution offices pursued any charges. The Government's position is that the defendant was actively working to conceal his crimes by not taking those cases to the prosecutor and telling the arrestees that their cases would not reach the prosecutor's desk would make it far less likely those victims would come forward and report what the defendant had done to them. It is a reasonable inference that the defendant thought if the arrestees believed their liberty could be at stake if they reported him, they were not likely to come forward.

15. Evidence of both deceit on the part of the defendant risk of non-appearance if he is released is demonstrated in the civil fraud lawsuit in Indiana (45D10-1701-CC-000042). The lawsuit named the defendant personally and as the registered agent of what appears to be his fictitious business.

16. In that lawsuit, the plaintiff alleged that the defendant defrauded an insurance company regarding what appears to be a fictitious business he claimed to own, One Stop Transportation. After having been served with the lawsuit against him personally and as the registered agent of One Stop Transportation, the defendant failed to appear in court on various occasions. This lawsuit resulted in a default judgment against the defendant of over $19,000, almost all of which remains unpaid even after a garnishment was ordered on a subsequent employer of his in 2018.

17. Additional investigation revealed that, despite being responsive to questions on his application for the Law Enforcement Academy in 2021 and for employment at NCPC in 2022, the defendant failed to disclose the existence of One Stop Transportation, the

judgment against him, or the garnishment on his. This indicates deceit and/or fraud by the defendant.

Wherefore, the Government maintains its position that by a preponderance of evidence there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant and its position that by clear and convincing evidence there are no conditions or combination of conditions which will reasonably assure the safety of any other person and the community. This Court should therefore deny the defendant's Motion to Revoke U.S. Magistrate Judge Bodenhausen's well-founded Order of Detention.

        Respectfully submitted,

        SAYLER A. FLEMING
        UNITED STATES ATTORNEY

        */s/     Christine Krug*
        CHRISTINE KRUG #42586 MO
        Assistant United States Attorney
        Thomas F. Eagleton Courthouse
        111 South Tenth Street, 20th Floor
        St. Louis, Missouri 63102
        (314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

        */s/ Christine H. Krug*
        Christine H. Krug, #42586MO
        Assistant United States Attorney